Daniel, J.
 

 The defendant, Curry, has got credit for $500 on his note to McNeill. In.his answer he says, indeed, that he does not claim the benefit of that credit. But he has not caused the endorsement of that credit on his note to be expunged, nor has he procured the plaintiffs’ note to Mc-Neill’s executors to be given up: he has as yet the benefit of the said credit. And it seems to us, that it would be impro
 
 *76
 
 per¡ ¡n the present state of the case, to permit him to collect the of the money on his two judgments. The defendant, Curry, contends, that the arrangement made by Dalrymp|e w¡th McNeill’s executors, was voluntary and without his request or authority: and, therefore, if the plaintiffs should be placed in any difficulty in consequence of the issuing of his executions on the two judgments, that difficulty will have been brought about by the improper conduct of Dalrymple himself. But the answer admits there was a com'munication between the parties, whereby Dalrymple might satisfy the judgments against himself by discharging Curry from his debt to McNeill, either
 
 pro tanto
 
 or entirely. Whether the agreement was for the one or the other, is a question upon which the parties are at issue. But admit that, in fact, it was the latter: It is yet clear, that Curry ought not to avail himself of Dalrymple’s mistake ot the agreement, or his inability to comply literally with
 
 it, by
 
 taking the benefit of what Dalrymple has done
 
 toward the
 
 performance of the agreement, and, at the same time, to raise the sum lrom Dalrymple a second time on execution. Curry has a credit with McNeill for $500, paid for him by Dalrymple; and, therefore, the latter is entitled to credit therefor on his debts. But, it is said, that Dalrymple was to pay $30 or $4.0 more, before the judgments against him were to be deemed satisfied. If that be so, it will form a good reason why he should yet be decreed so
 
 to
 
 do, when the agreement shall have been established by proofs, and, as established, appear to be fair and legal. But until the case can be heard upon the proofs, the injunction should stand as a necessary protection to the plaintiffs from being compelled to pay again what they have already paid for Curry. Against this, it is said, that the answer disclaims the benefit of the payment to McNeill. But-that is manifestly a subterfuge; since, as has already been stated, he actually has the credit, and the plaintiffs,'in his stead, are actually bound to McNeill for the money. The contract must either be rescinded or executed,
 
 in toto;
 
 and, as that has not been done by the parties, it can now only be done by the court on the
 
 *77
 
 hearing — to which time the injunction should be kept up, cept as to the sum of thirty dollars. The decree was therefore erroneous, and must be so certified j and the defendants must pay the costs in this court.
 

 Per Curiam, Ordered accordingly.